IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**Dalia Dippolito,**

    **Petitioner,**　　　　　　　　CASE NO: 9:23-cv-81027-Middlebrooks/Matthewman

**vs.**

**Florida Department of Corrections,**

    **Respondent.**
_____/

## OBJECTIONS TO REPORT AND RECOMMENDATION

**COMES NOW** the Petitioner Dalia Dippolito ("Ms. Dippolito"), by and through undersigned counsel, and hereby submits these objections to the report and recommendation filed by United States Magistrate Judge on April 22, 2025. In support, Ms. Dippolito states:

- **Ground 1**

1. The Magistrate Judge recommends that Ground 1 be denied and a certificate of appealability not issue because in a section 2254 proceeding the Supreme Court has never held that a defendant has the due process right to present an objective entrapment defense. Ms. Dippolito objects.

2. AEDPA does not "require state and federal courts to wait for some nearly identical factual pattern before a legal rule must be applied." *Carey v. Musladin,* 549 U.S. 70, 81, 127 S.Ct. 649, 656, 166 L.Ed.2d 482 (2006) (KENNEDY, J., concurring in judgment). Nor does AEDPA prohibit a federal court from finding an application of a principle unreasonable when it involves a set of facts "different from those of the case in which the principle was announced." *Lockyer v. Andrade,* 538 U.S. 63, 76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). The statute recognizes, to the contrary, that even a general standard may be applied in an unreasonable manner. See, *e.g., Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (finding a state-court decision both contrary to and involving an unreasonable application of the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*Panetti v. Quarterman*, 551 U.S. 930, 953 (2007).

1

3. The Supreme Court has recognized that a defendant's due process right to present a defense is a "fundamental element" of due process. *Washington v. Texas*, 388 U.S. 14, 19 (1967). And "[u]nder the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness. We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense." *California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). In accordance with these principles, the United States Supreme Court has recognized that "[a]s a general proposition, a defendant is entitled to an instruction as to any recognized defense for which there exist evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58 (1988).

4. Objective entrapment is a recognized defense in Florida. *Munoz v. State*, 629 So. 2d 90, 99 (Fla. 1993) ("in the presence of egregious law enforcement conduct, an entrapment defense is to be evaluated under the due process provision of article I, section 9, of the Florida Constitution as in *Glosson* and *Williams*."). And in conformance with the due process clause, it was for the jury, not the trial court, the appellate court, the State or this Court to ultimately decide Ms. Dippolito's defense of objective entrapment for which ample evidence existed.

5. In *Bradley v. Duncan*, 315 F.3d 1091, 1098–99 (9th Cir. 2002) the Ninth Circuit granted a petitioner federal habeas relief after concluding the trial court's failure to instruct on the defendant's defense theory of entrapment violated the defendant's right to due process. Ms. Dippolito raises an identical issue. She should be afforded relief like in *Bradley*.

6. The Magistrate Judge, citing *Marquez v. Gentry*, 708 Fed. Appx. 924 (9th Cir. 2018), finds the Supreme Court's decision in *Gilmore v. Taylor*, 508 U.S. 333 (1993) renders *Bradley* wrong. Ms. Dippolito disagrees that *Gilmore* makes *Bradley* incorrect:

2

In *Gilmore*, the Supreme Court rejected an argument "that confusing instructions on state law which prevent a jury from considering an affirmative defense" violate due process. 508 U.S. 333 at 343–45. The Court explained that crediting the defendant's argument "would make a nullity of the rule reaffirmed in [*McGuire*], that instructional errors of state law generally may not form the basis for federal habeas relief." *Id.* However, *Gilmore* did not involve a scenario where a trial court refused to give an instruction completely; rather, the defendant was arguing that instructions actually given by the state court violated his due process. *Id.* at 343–44 (explaining defendant's argument that "jury instructions given at his trial interfered with his fundamental right to present a defense" and that "confusing instructions on state law" could violate due process). In this scenario, the conflict with *McGuire* is clear—if state defendants were permitted to argue that the specific wording of jury instructions on state law given at trial interfered with their ability to present a complete defense, the floodgates would be opened to allegations that instructions on state law violated due process, potentially rendering the principle in *McGuire* meaningless. Indeed, the *McGuire* court announced this principle in a similar context—a challenge to a jury instruction actually given at trial, which was allegedly deficient in comparison to the standard state model. *McGuire*, 502 at 71–72. Here, Petitioner is not arguing any instruction was deficient under state law or that any instruction on state law was constitutionally deficient, but is instead challenging a court's refusal to include a requested jury instruction.

To be sure, the *Gilmore* court also cited several cases involving the right to present a complete defense and noted that none "involved restrictions imposed on a defendant's ability to present an affirmative defense." 508 U.S. at 344. Notably, the Court did not cite to *Mathews*, where the Supreme Court clearly acknowledged that "[a]s a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews*, 485 U.S. 58 at 63. While Respondent correctly notes that *Mathews* was not a habeas case and that the *Mathews* court cited this proposition as a general rule, rather than as an extension of the right to due process, the Ninth Circuit has clearly applied *Mathews* in the context of alleged due process violations in state court raised in federal habeas petitions post-AEDPA. *See, e.g., Bradley*, 315 F.3d at 1098 ("The Supreme Court has held that '[a]s a general proposition, a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor.' ...We have applied this standard to habeas petitions arising from state convictions"); *Clark*, 450 F.3d 898 at 904–05 (citing *Bradley* and *Conde* for the proposition that failure to instruct on the defense theory of the case is reversible error on federal habeas review on state convictions and finding that state court violated due process by failing to give instruction). Respondent has only cited one, single unpublished Ninth Circuit case rejecting this implementation of *Mathews* in a footnote. *See* Dkt. 48 at 38 n.10 (citing *Marquez v. Gentry*, 708 F. App'x 924, 925 & n.2 (9th Cir. 2018)) In the absence of controlling authority to the contrary, the undersigned declines to depart from the Ninth Circuit's holding that Supreme Court precedent

3

> clearly establishes due process can be violated when the trial court fails to instruct the jury on a well-supported defense theory. *See Bradley*, 315 F.3d at 1100–01.
>
> Indeed, even holding the explicit holding of *Bradley* aside, this principle does not appear inconsistent with *McGuire*. The *McGuire* court acknowledged that instructional errors could violate due process if it "so infected the entire trial that the resulting conviction violates due process." *McGuire*, 502 U.S. at 72. Failure to instruct on a well-supported defense theory could be an example of when this occurs—indeed, the Ninth Circuit has subsequently interpreted *Bradley* in this manner. *See Clark*, 450 F.3d at 904–05 (citing both *McGuire* and *Bradley* before finding a trial court's failure to instruct on a defense theory violated due process).

*Brown v. Gastelo*, No. 220CV02051FLAMAR, 2023 WL 3585341, at *9 (C.D. Cal. Mar. 15, 2023), *report and recommendation adopted*, No. 220CV02051FLAMAR, 2023 WL 3852679 (C.D. Cal. June 6, 2023)

7. The Magistrate Judge alternatively concludes that the claim fails even applying *Bradley* because Ms. Dippolito's defense of objective entrapment is "specious at best." The Magistrate Judge, however, like the Respondent, omits facts relevant to Ms. Dippolito's objective entrapment defense. Notably, the Magistrate Judge does not mention that the police were contacted to "**help**" Ms. Dippolito, who had no prior criminal history, with an abusive relationship before it turned violent. Instead of helping Ms. Dippolito, law enforcement proceeded to manufacture a murder-for-hire plot for the soon to be filming COPS television program. This is outrageous conduct. Ms. Dippolito's objective entrapment defense is not specious at best.

- **Ground 2**

8. The Magistrate Judge recommends that Ground 2 be denied and a certificate of appealability not issue because the state courts did not unreasonably find that Ms. Dippolito failed to prove defense counsel provided ineffective assistance of counsel by mistakenly opening the door for the State to introduce evidence that Ms. Dippolito previously attempted to poison her husband. Ms. Dippolito objects.

9. The state courts unreasonably found no deficient performance. A finding that defense counsel made a strategic decision to open the door for the State to introduce the poisoning evidence is contrary to the record. Defense counsel vehemently argued pretrial and during trial, including at the time the door was found to have been opened, to have the evidence excluded. T. Tr. III at 3414-3416. The **lead** defense counsel confirmed in an affidavit postconviction that it was **not** defense counsel's strategy to open the door to the poisoning evidence but an unintended error.[1] Considering defense counsel's pre-trial, trial, and post-trial actions, Ms. Dippolito at least should be given the opportunity to establish at an evidentiary hearing that opening the door was not defense strategy and the mistake caused great harm to her defense.

10. The state courts unreasonably found no prejudice. Defense counsel's failure permitted the jury to consider the poisoning evidence as substantive evidence of guilt. The evidence against Ms. Dippolito was not so overwhelming nor defense counsel's error so small for there to not be a reasonable probability of a different outcome. The introduction of collateral crime evidence is presumptively harmful. Defense counsel decried with force the harm being done by the admission of the poisoning evidence. Ms. Dippolito's first trial was reversed by the appellate court because the jury incorrectly learned during jury selection about the poisoning evidence.[2] The second trial resulted in a hung jury. Ms. Dippolito's claim of prejudice is not speculative.

---

[1] The Magistrate Judge questions whether the affidavit from defense counsel is within the record. See (DE 6 at 148-149).

[2] The appellate court granted the new trial despite the prosecution's harmless error analysis based on "the video evidence of Appellant soliciting the undercover officer to kill her husband[.]." *Dippolito v. State*, 143 So. 3d 1080, 1085-1086 (Fla. 4th DCA 2014). By reversing for a new trial, the appellate court understood that the evidence against Ms. Dippolito did not outweigh the grave negative impact caused by the poisoning evidence:

> Here, we cannot conclude that this error was harmless beyond a reasonable doubt "because of the possibility that jurors were unfairly prejudiced by their knowledge"

- **Ground 3**

11.     The Magistrate Judge recommends that Ground 3 be denied and a certificate of appealability not issue because the state courts did not unreasonably find that Ms. Dippolito failed to prove defense counsel provided ineffective assistance of counsel by failing to request a limiting instruction after the trial court ruled that the State could introduce for impeachment purposes the allegation that Ms. Dippolito previously attempted to poison her husband. Ms. Dippolito objects.

12.     The state courts unreasonably found no deficient performance.  Nowhere in the record does it demonstrate defense counsel made a tactical decision to not have the jury instructed that the impeachment allegation could be considered only for impeachment purposes nor would it have been a reasonable strategic decision to do so. The record demonstrates that defense counsel took action throughout the pretrial and trial proceedings to prohibit the poisoning evidence from being introduced to the jury because defense counsel believed it to be very harmful to Ms. Dippolito's defense.  It logically follows that defense counsel would have wanted to limit the damage caused by the poisoning evidence by having the trial court provide a limiting instruction to the jury. It is not a reasonable strategy to not request a limiting instruction because of a fear of drawing attention to the evidence. *Sierra v. State*, 230 So. 3d 48, 50-52. (Fla. 2d DCA 2017) (finding it objectively unreasonable for defense counsel to not object and request a mistrial because

---

of this closely related allegation. *Id.* (finding error was not harmless because "[j]urors could have assumed that because Appellant was charged with another robbery, he was the perpetrator of the robbery being tried as well"); *see also Jackson v. State,* 729 So.2d 947, 951 (Fla. 1st DCA 1998) (finding error was not harmless "because of the possibility that the jury panel was unfairly prejudiced by virtue of their knowledge of his arrest for other crimes"). We note that, if this type of evidence had been improperly introduced at trial, it would have been presumed harmful. *See Kopsho v. State,* 84 So.3d 204, 212 (Fla.), *cert denied,* ⸺ U.S. ⸺, 133 S.Ct. 190, 184 L.Ed.2d 97 (2012).

*Id*.

defense counsel strategically did not want to draw attention to the improper opinion testimony). Jurors are presumed to follow the instructions given. *Johnson v. State*, 164 So. 3d 794 (Fla. 1st DCA 2015) ("Absent a finding to the contrary, juries are presumed to follow the instructions given to them."). A limiting instruction would not have drawn attention to the evidence but placed the evidence in the correct context for the jury to consider.

13. The cases cited by the Magistrate Judge are inapplicable to the claim denied **without** an evidentiary hearing. *Sherman v. Burke Contracting, Inc.*, 891 F. 2d 1527 (11th Cir. 1990) is about a civil appeal not concerning ineffective assistance of counsel . *United States v. Barnes*, 586 F.2d 1052, 1059 (5th Cir. 1978) concerns a direct appeal reviewing a claim not involving ineffective assistance of counsel for plain error. *United States v. Myers*, 917 F. 2d 1008 (7th Cir. 1990) concerns a finding of reasoned tactical decisions **after** an evidentiary hearing.

14. The state courts unreasonably found no prejudice. Defense counsel's failure permitted the jury to consider the poisoning evidence as substantive evidence of guilt. As stated above, the evidence against Ms. Dippolito was not so overwhelming nor defense counsel's error so small for there to not be a reasonable probability of a different outcome. The introduction of collateral crime evidence is presumptively harmful. Defense counsel decried with force the harm being done by the admission of the poisoning allegation. Ms. Dippolito's first trial was reversed by the appellate court. The second trial resulted in a hung jury. Ms. Dippolito's claim of prejudice is not speculative.

- **Ground 4**

15. The Magistrate Judge recommends that Ground 4 be denied and a certificate of appealability not issue because the state courts did not unreasonably find that Ms. Dippolito failed to prove defense counsel provided ineffective assistance of counsel by failing to call forensic

examiners from law enforcement that searched Ms. Dippolito's computer and found no evidence that she searched the internet for ways of poisoning her husband and law enforcement officers who investigated her case and found no evidence to substantiate the poisoning allegation. Ms. Dippolito objects.

      16.    The state courts unreasonably found no deficient performance.  Indeed, defense counsel stated as much on the record:

> We're **not prepared** to address it if Your Honor admits it.
> …
>
> **We've done nothing to prepare for this allegation**….
> …
>
> Had we known that this could possibly come in, had this been raised, the motion in limine, when they said, nope, it's not coming in, we would have been prepared. **We are not prepared**.
>
> I mean, **Ms. Dippolito's due process rights are just eviscerated right here**, Judge.  **I cannot go forward right now, nor can Mr. Claypool, and effectively represent Ms. Dippolito** at this stage in the proceeding with the previous ruling being that unclear.  And that's why I wanted clarity at that motion in limine on everything. And I was just insistent on it.

T. Tr. III at 3406-3435.  Neither defense counsel's statements nor the cross-examination rebuts defense counsel's clear statements they were not prepared:

```
     4              MR. ROSENFELD: Now, we're going to have to
     5        call in the forensic analyst to rebut this
     6        allegation.
```

T. Tr. III at 3569.

```
                                                                      3623
   1              Q.   Okay.  You didn't believe she was actually
   2         gonna poison her husband, correct?
   3              A.   Yes.
   4              Q.   And you previously testified to that in a
   5         deposition?
   6              A.   Yes.
   7              Q.   And you didn't call the cops about that,
   8         correct?
   9              A.   No.
  10              Q.   Had you believed it, you would have called
  11         the cops about it?
  12              A.   Yes.
```

T. Tr. III at 3623. Needing to do something and being prepared to do it are not the same. There is no indication within the record that defense counsel had sufficient time to prepare after saying they were not prepared.

  17. The state courts unreasonably found no prejudice. Defense counsel's failure resulted in witnesses not being called that would have been able to establish that law enforcement's investigation found no evidence to substantiate the poisoning allegation. As stated above, the evidence against Ms. Dippolito was not so overwhelming nor defense counsel's error so small for there to not be a reasonable probability of a different outcome. The introduction of collateral crime evidence is presumptively harmful. Defense counsel decried with force the harm being done by the admission of the poisoning allegation. Ms. Dippolito's first trial was reversed by the appellate

court. The second trial resulted in a hung jury. Ms. Dippolito's claim of prejudice is not speculative.

- **Ground 5**

18. The Magistrate Judge recommends that Ground 5 be denied and a certificate of appealability not issue because the state courts did not unreasonably find that Ms. Dippolito failed to prove defense counsel provided ineffective assistance of counsel by failing to object to the State's improper closing argument that Ms. Dippolito "is as guilty as anybody has ever been in a criminal courtroom - - right there. It doesn't get any better than this. It's like Old Milwaukee, it doesn't get any better." Ms. Dippolito objects.

19. The state courts unreasonably found no deficient performance or prejudice. The state's closing remark was in no way proper under any context nor a fair response. Supreme Court precedent prohibits prosecutors from making such egregious expressions of their opinion to the jury and, in a case that had already been reversed by an appellate court for a new trial and resulted in a hung jury, the remark did render Ms. Dippolito's conviction fundamentally unfair.

- **Ground 6**

20. The Magistrate Judge recommends that Ground 6 be denied and a certificate of appealability not issue because there can be no cumulative error when each individual ground to be without merit. Ms. Dippolito objects.

21. Ms. Dippolito relies on the arguments above. Defense counsel did perform deficiently. The harm caused by defense counsel's cumulative errors satisfies the prejudice requirement.

- **Ground 7**

22. The Magistrate Judge recommends that Ground 7 be denied and a certificate of appealability not issue because the state courts did not unreasonably find that Ms. Dippolito failed to prove appellate counsel provided ineffective assistance of counsel by failing to argue on direct appeal that the trial court abused its discretion by permitting the State to use peremptory strikes on three African-American prospective jurors and a Hispanic prospective juror, where the record refutes the State's assertion of genuineness. Ms. Dippolito objects.

23. Appellate counsel provided ineffective assistance of counsel by failing to argue on direct appeal that the trial court abused its discretion by permitting the State to use peremptory strikes on three African-American prospective jurors and a Hispanic prospective juror, where the record refutes the State's assertion of genuineness. The issue was raised at trial and preserved for appellate review.  Had the issue been raised on appeal, it would have been successful and Ms. Dippolito afforded a new trial.  In light of the strength of the argument and the relief that could have been afforded, the failure to raise this claim was not a reasonable strategic decision.

- **Ground 8**

24. The Magistrate Judge recommends that Ground 8 be denied and a certificate of appealability not issue because the state courts did not unreasonably find that Ms. Dippolito failed to prove appellate counsel provided ineffective assistance of counsel by failing to argue on direct appeal that the trial court abused its discretion by failing to replace a sleeping juror or, at the least, conduct/permit an investigation into juror misconduct. Ms. Dippolito objects.

25. Appellate counsel provided ineffective assistance of counsel by failing to argue on direct appeal that the trial court abused its discretion by failing to replace a sleeping juror or, at the least, conduct/permit an investigation into juror misconduct. The issue was raised at trial and

11

preserved for appellate review. Had the issue been raised on appeal, it would have been successful and Ms. Dippolito either afforded a new trial or, at the least, the ability to interview jurors post-verdict about the alleged juror misconduct. In light of the strength of the argument and the relief that could have been afforded, the failure to raise this claim was not a reasonable strategic decision.

- **Ground 10**

26. The Magistrate Judge recommends that Ground 8 be denied and a certificate of appealability not issue because the state courts did not unreasonably find that Ms. Dippolito failed to prove appellate counsel provided ineffective assistance of counsel by failing to argue the State's improper argument during rebuttal closing that Ms. Dippolito "is as guilty as anybody has ever been in a criminal courtroom - - right there. It doesn't get any better than this. It's like Old Milwaukee, it doesn't get any better." deprived Ms. Dippolito a fair trial. Ms. Dippolito objects.

27. Appellate counsel provided ineffective assistance of counsel by failing to argue the State's improper argument during rebuttal closing that Ms. Dippolito "is as guilty as anybody has ever been in a criminal courtroom - - right there. It doesn't get any better than this. It's like Old Milwaukee, it doesn't get any better." deprived Ms. Dippolito a fair trial. The appellate issue, even under Florida's fundamental error analysis, would have been successful and Ms. Dippolito afforded a new trial. In light of the strength of the argument and the relief that could have been afforded, the failure to raise this claim was not a reasonable strategic decision.

## CONCLUSION

Due to the foregoing reasons and as argued in the pleadings, Ms. Dippolito requests that this Court not adopt the report and recommendation and grant Ms. Dippolito release from custody unless, within a reasonable amount of time, the state court provides Ms. Dippolito with a new trial

or direct appeal. This Court should provide any other appropriate relief deemed necessary including the holding of an evidentiary hearing.

DATED this 5th day of May, 2025.

Respectfully submitted,

/s/ Matthew R. McLain
Matthew R. McLain, Esquire
Board Certified Specialist
Criminal Appellate Law
Florida Bar No. 98018
MCLAIN LAW, P.A.
2171 West State Road 434
Suite 216
Longwood, Florida 32779
(T) 407.792.3930
(F) 407.613.2757
Matthew@McLainLaw.com
*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served to the Office of the Attorney General at crimappwpb@myfloridalegal.com this 5th day of May, 2025.

/s/ Matthew R. McLain
Matthew R. McLain, Esquire
